Last case on this morning's docket is the case of people in the city of Illinois v. Demetrius Cole. We have Mr. John Harvey, Bar of Appellant, and we have Mr. Bethel McCormick, Adaptee. Your honors, may it please the court, my name is John McCarthy and I represent Demetrius Cole. I'll be focusing my argument today on argument number one. However, I'm prepared to answer any questions this court has about the other four arguments if there are any. The trial court views discretion when it refused the accomplice witness instruction offered by the defense counsel in regards to the testimony of Chandra Jones. IPI 3.17 informs the jury that they are to view the testimony of an accomplice with suspicion and considered with caution. In order to give this instruction, defense counsel is required to show that the state had probable cause to charge Chandra Jones in this crime. Now probable cause is a very low standard, and I would submit to this court that not only does defense counsel show that there's probable cause to charge Chandra Jones, if this had been her trial, there was enough evidence to convince her beyond a reasonable doubt. Because it all starts out with Chandra Jones' testimony that she and Krista Donahoe approached Randy Farrar's house. And the only reason she didn't enter the house is because Randy Farrar wouldn't allow her to get in. And when asked by defense counsel, why were you going to the house with her, her response was, I didn't want Krista to go in there by herself. There's a reasonable inference that Chandra Jones knew exactly why Krista Donahoe was going in that house, and that was to act as a distraction while the other people entered the house while the distraction was going on. The second fact is, Chandra Jones left and went back to the truck and watched the attack through a picture window. And she described everything she saw that happened. Now that could cut both ways. On the one hand, she's not in the house. On the other hand, she didn't leave. She didn't see what was going on and leave. And we know the only reason she's not in that house is Randy Farrar wouldn't let her in. Had he let her in, she would have been in the house during the attack, then no doubt that she could have been convicted or probable cause. Chandra Jones left with the defendants, my client, she alleges, left with them, go to Mount Vernon, then returns to the scene of the crime with them, so they could retrieve a change bowl. They thought they might have their fingerprints. They then go to Walmart and Chandra Jones gives her purse to, she alleges, to my client. He puts some incriminating evidence in it, and she goes and disposes of it. She goes with them back to Mount Vernon, goes to one of their friends' house, they leave, they come back, and then she accepts $200 worth of proceeds from the robbery. That's more than probable cause to charge her in this offense. Now, I say it's enough to even find her guilty beyond a reasonable doubt because her defense is, well, I didn't know what they were going to do, and on the way away from the robbery, Demetrius Cole threatened me. He was going to kill me, and that's a great defense, but the jury had the right to either believe it or disbelieve it. It all comes down to credibility, and it has no place in the determination whether there was probable cause to charge her this offense. This error is not harmless. All roads lead through Chandra Jones. Without her testimony, there is nothing that places my client at the crime scene. There's no physical evidence, nothing. The other important part is that this takes away defense counsel's strongest argument to the jury that my client is not guilty, and he attempted to make that argument even though he had the ruling against him. He says, look, Chandra Jones is here testifying, and she's testifying because there is no statute of limitations on murder, and she can be charged tomorrow if she doesn't give the state what she wants. Well, the state gets up and objects, and Metropolis, the state, gives the objection, and then reprimands defense counsel for making this improper argument. That affects the credibility of defense counsel in front of the jury. At first, I think that has a big impact. The other part of this is it's not as if defense counsel didn't present the case in favor of his client. This crime allegedly happened on, well, allegedly happened to Corey Chandra Jones on July 1st. Defense counsel presented three witnesses, one of which positively identified Randy Farrar. The other two positively identified Randy Farrar's car being out on Saturday and Sunday. What days were those? July 2nd and July 3rd. And so that's after Chandra Jones says he's dead. Wasn't there testimony about Rigor Mortis, though, that made it before that? There was testimony by E&T, which actually supports that the crime happened after July 1st. The E&T on the scene shows up on July 5th, which is when his body is found, and he said Rigor Mortis is dead then, which meant he was dead anywhere from 2 to 10 hours, which would fit him being alive on July 2nd or July 3rd. Now, the coroner came in and said that he believed that Randy Farrar was dead anywhere from a day and a half to four days. He arrived at four days because that's the last time anybody actually saw him. Like, I believe he was at a restaurant having dinner with somebody. But the thing is, when he says he was dead a day and a half, he's performing the autopsy on July 6th at 1.30 in the afternoon, which once again doesn't preclude the fact that he could have at least been alive on July 2nd. So all these factors taken together show that the accomplished witness instruction should have been given and that my client was prejudiced by the fact that he was not. So I do have a couple minutes, but I won't keep it too long. Just quickly on the second issue, which has to do with allowing Lindsay McIntosh to testify that several weeks after the conspiracy, that Chris O'Donnell tried to set up an alibi and said, I set up somebody to get killed and Demetrius was with me. That was after completion of the conspiracy. It was improperly allowed as a conspiracy statement and the prosecution used it to its advantage in closing the argument when he said, you also know it, Demetrius Cole's involvement, because his girlfriend sold him out. I set up a guy to be killed and Cole was with me. So these two things taken together are a reversible error. My client deserves a new trial and that is what we are asking for. No questions. Thank you. Thank you, Mr. McCarthy. You'll have the opportunity to brief Ms. McCormick. Your Honor, counsel. This court is to review whether the court below committed an abuse of discretion in refusing the defendant's instruction to, which was an accomplice witness instruction. There is no abuse of discretion because there's just simply no evidence that Chris DeDonahoe was an accomplice. An accomplice is someone that can be charged or indicted for the offense. An accomplice instruction should be given when there is probable cause to believe that the witness was guilty, either as a principal or an accessory. And there has to be something more than mere presence. It can't just be mere presence. There has to be some participation in the planning or the commission of the offense. And that simply doesn't show up in the evidence. The idea of whether the state's attorney has suspicions about this is really not too pertinent to this court's review. This court should be looking at what evidence there was that would show that the defendant was entitled to an accomplice witness instruction. What we have is Chadra Jones is 16. She's walking down the street, and for the first time she meets the defendant, Chris DeDonahoe and Mr. Watkins. She doesn't know him before. They're drinking inside of, well, at least the defendant and DeDonahoe were drinking inside of this whiteboard expedition. And they ask her to go along with them someplace, to go for a ride. So she does. There's no testimony, there's no statement anywhere that says that she's part of any or privy to any plan to go rob or murder Mr. Farrar at this point. What she does know is that ultimately she does know when, she says that when they left the house in the expedition, she knew that they were going to go somewhere and that she might be going inside with Chris DeDonahoe. On the way out to Farrar's house, they stop. Chris DeDonahoe gets out at Casey's and she makes a phone call. Chandra Jones doesn't hear this phone call. She doesn't go in. She doesn't know, she has no knowledge of what is being said. And Chris DeDonahoe returns and they end up going to Mr. Farrar's house. And she testified that she was asked to go in, and also she testified that she went in because she did not want Chris DeDonahoe to go in there by herself. But she isn't let in. Mr. Farrar says you're not welcome. So she goes back and sits down in the car. The defendant and Watkins are in the car. She's in the back seat. They back the car up and they park it across the street. Then, I guess not to make any noise, they crawl out through the windows, leaving Chandra Jones in the back seat. And they have this conversation. They've excluded Chandra Jones from any conversation that they're having. And this exclusion of her, while they're presumably discussing how they're going to go in, she doesn't have any part of that. She doesn't have any knowledge of what it is they're planning. They crawl back in the car, drive back the car into the driveway, and then they get out. She watches the whole crime unfold through the picture windows, and she hears two shots. And then they come back. And by that time, she knows that a crime has occurred, but she didn't have any knowledge of this beforehand. She's been excluded from the plans. They get in the car and on the drive back. Now, okay, so this is the other thing. I don't want to leave this out. She's 16 years old. It's dark. She's someplace that she doesn't know where it is. This is a rural area. Is she going to get out of the car and run? Maybe she could have. She's afraid. She didn't do that. She's 16, and it's dark. They get back in the car, and on the way back, the defendant threatens everybody in the car. If you tell anybody about this, I'm going to kill you. Now, this is a credible threat to a 16-year-old because she's just heard someone be murdered. I kill you like I killed that man was the statement. So she knows that he's killed someone. She's heard two shots. She's seen him being beaten violently and stomped, and she's seen him, you know, seen the victim as bloody through the window. So this is a credible threat. She's 16. I imagine she's terrified. She's not going to be anxious to do anything that might let the defendant think she's going to report this crime. So she doesn't. I mean, the fact that she doesn't leave their company right away is not suspicious. It's just a product of fear. So when they end up at the Walmart and she's asked for her purse, is she going to refuse the purse to the man who just threatened to kill her? I don't think so. Does this make her a participant or an accomplice? I don't think so. She hands over, she empties out the purse, and she gives it to him. And they stuff some clothing in it, and Christiana Ho goes in and takes the purse. There's nothing at this point in time that shows her being anything but present, and now a person under threat. She stays with them when they go back to look for the ashtray that has some coins in it. She doesn't leave their company, and that's perfectly explainable, too, at this point in time, because she doesn't want to appear anxious to leave them because it might make it look like she's going to go and report the crime. She's hanging with them to appear like she's going to go along with keeping it quiet. They do then come back, and they end up back at the defendant's mother's house, and she does go inside. Again, the defendant and Donna Ho and Watkins, they go into another room, and they exclude her from the conversation, and apparently they plan to go back and get something more, a key to a safe. But she is excluded from this conversation. If she was part of this plan, she wouldn't have been excluded. She is excluded. Ultimately, they leave, and they come back, and they give her $200. She takes it, and she does spend it. But she goes home that night, and she never sees these people again. She doesn't have anything to do with them at that point. Now, accepting the money, does that make her an accessory after the fact at most? But it doesn't make her an accomplice or a participant in the planning and the commission of this crime. She's a 16-year-old. She's got very poor judgment, and she's picked very poor company, but she's not an accomplice. And the court didn't commit any abuse of discretion under these facts in denying this instruction. There just simply isn't enough there to show that she was a participant or a planner in this crime. Is she an innocent kind of person? Well, probably not. But did she plan this crime? No. There's no evidence of it. Now, as to the statement to Lindsey McIntosh. Lindsey McIntosh was permitted to testify that she had a birthday party on the 1st for her son, and Christodonico was invited, but she didn't come. And a few days after the 1st, or possibly a week after the 1st, Christodonico calls her and asks her to lie and say that she was there at the party. And then a week after that, she called and she said that, Christodonico said that she had set some man up and gotten killed, and the defendant was present. Now, these things are statements that were made to conceal the conspiracy and to conceal the identity of the participants in the crime. So in that sense, they are continuance of the conspiracy, and they were admissible. They have to be statements that were reliable because, one, she didn't, Christodonico didn't try to put the blame off on the defendant. She accepted the blame. I'm the one who set the man up and he got killed. And the defendant was there. That's true, but mere presence. She doesn't say that he participated or that he did the murder. She just said he was there. She doesn't try to shift the blame. It's against her penal interest. These statements are reliable, and they were in furtherance of the concealment of the conspiracy. So it wasn't an abuse of discretion to let it in. It was perhaps a little more remote in most cases in time than most cases permit, but still it wasn't an abuse of discretion. If it was error, it was harmless error. Otherwise, we ask support to your partner. Thank you, Mr. Farmer. Do you have anything to add? The state has done a wonderful job in explaining to this court what Chandra Jones' defense would be if she'd been taken to trial. This is why the prosecutor probably decided not to charge her. However, that is why prosecutors have a wide discretion to charge or not charge a crime even when they have probable cause. This prosecutor had probable cause. I also want to point out the state's position that this alleged threat by my client to all the occupants of the car is a credible threat. Well, that credible threat is first told to anybody at this trial. The defense counsel established through cross-examination she'd never told the police this before, and when she testified in the prior trial, she didn't mention it before either. So credibility is in question. What this comes down to is can you have an accomplice witness instruction where the potential accomplice denies involvement? The answer to that is yes. The Committee of Commons say that. Even if the person denies involvement, yet there's probable cause, you give the instruction. And finally, the state's point on the testimony of Lindsey McIntosh that all Chris had said was Mr. Cole was there. He didn't incriminate him at all. Well, then why is the prosecutor arguing in his closing argument Mr. Cole was given up by his girlfriend? She tried such a way to get killed, and Mr. Cole was there. His plan found to tell the jury is that's enough to incriminate my client. It was improperly admitted to evidence. Both these things amount to reversible error, and we respectfully ask this Court to grant a new trial. Thank you. Thank you, Mr. McCarthy. This is important. Thank you again for your time and your role in the course.